IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NIKE, INC.,

      Plaintiff,

v.

SKECHERS U.S.A., INC.,

      Defendant.

3:16-cv-007-PK

**ORDER**

**PAPAK, J.**

    Plaintiff Nike, Inc. brings this patent infringement action against Defendant Skechers U.S.A., Inc., alleging that several models of Defendant's shoes infringe patents that belong to Plaintiff. Defendant now moves to transfer venue. Defendant relies on a recent Supreme Court decision holding that under 28 U.S.C. § 1400(b), venue over corporate defendants in patent actions is limited either to the defendant's state of incorporation or to any district where the defendant has a regular and established place of business and an act of infringement occurred. *TC Heartland LLC v. Kraft Foods Group Brands, LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017).

    The parties are now engaging in discovery on issues related to Defendant's Motion to

1   -   ORDER

Transfer Venue. The parties have submitted a Joint Position Statement Regarding Venue-Related Discovery Issues, ECF No. 115, which I construe as Plaintiff's motion to compel discovery. As discussed below, I grant in part and deny in part Plaintiff's motion to compel.

## LEGAL STANDARDS FOR PATENT VENUE

Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b), which provides, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Courts have not formulated a definitive test for determining when venue over a corporate defendant is satisfied under § 1400(b). *See, e.g., HomeBingo Network, Inc. v. Chayevsky,* 428 F. Supp. 2d 1232, 1248-49 (S.D. Ala. 2006); *MAGICorp. v. Kinetic Presentations, Inc.,* 718 F. Supp. 334, 340 (D.N. J. 1989). The Federal Circuit has explained that "in determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there and not . . . whether it has a fixed physical presence in the sense of a formal office or store." *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed. Cir. 1985).

## DISCUSSION

This court has discretion in ruling on discovery issues. *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed. Cir. 1993); *Klingele v. Eikenberry,* 849 F.2d 409, 412 (9th Cir. 1988). Here, following the framework the parties used in their Joint Position Statement, I address plaintiff's discovery requests by subject, rather than addressing each interrogatory and motion for production.

### A. Defendant's Sales

Plaintiff seeks discovery on Defendant's sales in Oregon, including the date of sale, units sold, revenue, and customer location. Plaintiff contends that this information will lead to relevant evidence on Defendant's "continuous presence" in Oregon. Plaintiff argues that discovery should not be limited to sales of the accused products, but rather should include all sales in Oregon as relevant to venue.

Defendant states that it has already produced "detailed transactional sales data regarding all sales of [Defendant's] products into Oregon, . . . . allowing [Plaintiff] to isolate sales of accused products shipped to retailers in Oregon." Defendant objects, however, to discovery of information on Plaintiff's direct-to-customer internet sales, contending that internet sales "involve no [Defendant's] activity connected to Oregon other than the shipment of products into the state."

I conclude that to the extent it has not already done so, Defendant must disclose its total product sales in Oregon, with one exception, direct sales through the internet to Oregon residents. I agree with Defendant that information on its direct internet sales is unlikely to lead to relevant evidence on whether Defendant has a "regular and established place of business" in Oregon.

### B. Retailers of Defendant's Goods

Plaintiff seeks discovery on the identity of retailers to which Defendant sold its goods, and the terms of Defendant's relationship with the retailers. Plaintiff contends that the information it seeks is relevant to determining whether Defendant has a "permanent and continuous presence" in Oregon. Plaintiff contends that it wants Defendant to search for responsive documents since one year before the complaint was filed in January 2016.

Defendant responds that the activities of third-party vendors (e.g., Nordstrom) of its products do not confer venue. Defendant also states that Plaintiff seeks not only the identities and terms of the retailers' relationships with Defendant, but also every "interaction" between Defendant and the retailers, including emails.

I conclude that Defendant must disclose the activities of third-party vendors of Defendant's products, and Defendant's relationships with these vendors, because such information could lead to relevant evidence. This information would include, e.g., meetings between Defendant and its vendors, or similar information. I agree with Defendant, however, that it is not required to disclose email correspondence with these vendors.

## C. Defendant's Employees, Agents, Sales or Service Representatives and Their Activities

Plaintiff seeks the identities of Defendant's employees, agents, sales or service representatives who have lived in or conducted business in Oregon, physical or electronic. Plaintiff also seeks information on the nature of their relationship with Defendant, and the activities, physical or electronic, of Defendant and its employees, agents, and representative in Oregon. Plaintiff argues that venue may be based on a defendant's representatives, depending on the nature of the defendant's relationship with the representative (e.g., whether the representatives work exclusively for the defendant, the extent of the defendant's control over the representative, and whether the representative has authority to make agreements and receive payments on the defendant's behalf).

I agree with Plaintiff that information on the activities of Defendant's agents, whether the agent is based in Oregon or not, could lead to relevant evidence and is proportional to the needs of the case. *See Cordis*, 769 F.2d at 737 ("the appropriate inquiry is whether the corporate

4    - ORDER

defendant does its business in that district through a permanent and continuous presence there and not . . . whether it has a fixed physical presence in the sense of a formal office or store"). Defendant is not required to disclose evidence regarding direct sales through the internet, however.

### D. Professional Services Retained by Defendant in Oregon

Plaintiff seeks discovery on professional services retained by Defendant in Oregon, and the nature of those services. Plaintiff states that this request includes administrative, secretarial, and marketing services, but not Defendant's retained local counsel for this or other litigation.

I agree with Plaintiff that information on professional services in Oregon retained by Defendant could lead to relevant evidence and is proportional to the needs of the case. Defendant is not required to disclose information regarding professional services that are related solely to this action or to other litigation.

### E. Property in Oregon Owned, Leased, or Managed by Defendant

Plaintiff seeks discovery on property in Oregon owned, leased, or managed by Defendant, including real property, inventory, equipment, marketing materials, demonstration equipment, and product literature. Plaintiff states that while Defendant agreed to produce evidence on any "asset of significance" in Oregon, Plaintiff refused to include items such as marketing materials, demonstration equipment, or product literature.

Defendant responds that marketing materials, demonstration equipment, or product literature to be "merely indicia of irrelevant sales solicitation activity." I conclude that Defendant must disclose any substantial amount of personal property it owns, leases, or manages in Oregon, including marketing materials, demonstration equipment, and product literature.

### F. Facilities, Offices, or Other Space in Oregon for which Defendant Pays Expenses

On this request, Defendant has agreed to produce documents identifying real estate in Oregon that is owned, leased, rented, or otherwise paid for directly by Defendant, but Defendant refused to include leases of trade show booths or spaces, or conference spaces for demonstrations. I conclude that information on Defendant's leases of trade show booths or conference spaces could lead to relevant evidence and should be produced.

### G. Phone Numbers and Addresses Listing Defendant with Oregon Address or Phone Number

Plaintiff seeks discovery on whether Defendant, or anyone acting on Defendant's behalf, listed Defendant "in reference to a phone number within Oregon or as an address within Oregon." Plaintiff states that Defendant has agreed to provide information on when Defendant "directed that an Oregon address or Oregon phone number be listed publicly as a means of contacting [Defendant]."

Defendant argues that listings by third-parties are not relevant unless the listing was directed by Defendant. I agree that listings created by third parties independently of Defendant are not discoverable, but Defendant must disclose any other listings that it directed.

### H. Time Frame of Plaintiff's Deposition Topics

Plaintiff states that it will limit questions in depositions to the year from January 4, 2015 to the filing of the complaint, with the exception of Defendant's witness Brian Cross, whose declaration refers conditions from January 7, 2014 to the present. I conclude that depositions should be limited to January 4, 2015 to January 4, 2016, with the exception of Brian Cross, who may be questioned about the time frame and material addressed in his declaration.

## I. Subjects of Plaintiff's Deposition Topics

Plaintiff states that Defendant has objected to topics for deposition as broader than the venue-related requests for production and interrogatories. I conclude that deposition topics should be subject to the same limits placed on other discovery, including those limits set by this Order.

IT IS SO ORDERED.

DATED this 30th day of June, 2017.

_____
PAUL PAPAK
U.S. MAGISTRATE JUDGE